ANDREW J. THOMAS, Appellant, v. GEORGE L. KINGSLAND, et al., Respondent.

*Court of Appeals, January 17, 1888.*

Affirming same case, 12 Daly, 315.

1. *Lease. Keep in repair.*—Where a new roof was put on the premises the year before, and there is no proof that it had leaked or manifested defects up to the date of the tenancy, the covenant in the lease to put and keep in repair, does not necessarily imply that the roof was out of repair to the knowledge of the landlord; the defects occurring must be brought to his notice by the tenant.—

2. *Same. Charge.*—A request to charge "that, if the jury find that the plaintiff once notified the defendants that the roof was out of repair and leaking, it was their duty to put it in good repair and keep it in that condition during the entire time of the lease thereafter without further notice," concedes the necessity of notice to make it the landlord's duty to put the roof in repair, and is inconsistent with the claim that no notice was required.

Appeal from a judgment of the general term of the court of common pleas, in and for the city and county of New York, affirming a judgment in favor of defendants entered upon a verdict.

*James Flyn*, for appellant.

*John A. Taylor*, for respondent.

FINCH, J.—The covenant of the landlord was "to put and keep" the roof of the leased premises in good repair, and this action was brought to recover damages for an alleged breach of that condition. The specific injury was submitted to the jury, whether the defendants failed to repair the roof in question within a reasonable time after notice that repairs were needed, and the jury answered, "they did

not fail," and rendered a general verdict for the defendants. The plaintiff now argues that notwithstanding that finding, there should have been a recovery, because early in the tenancy, and before any notice of a leak was given, the roof was out of repair and the agreement to put it in repair as well as keep it so, was a confession that it was out of order to the knowledge of the landlord, and so no notice was necessary. The contention is inconsistent with the ground taken at the trial.

At the close of the charge of the court, and before taking the final exceptions to it, the defendant's counsel said : "Your honor charged that the defendants were not liable on their covenant to put and keep the roof in repair, unless notice was first given them to repair it, and they failed to do so after such notice. I now ask your honor to charge that if the jury find that the plaintiff once notified the defendants that the roof was out of repair and leaking it was their duty to put it in good repair and keep it in that condition during the entire time of the lease thereafter without further notice." That request conceded the necessity of notice to make it defendants' duty to " put " the roof in repair, and was inconsistent with the position now sought to be maintained. The exceptions afterward taken to the charge must be assumed to have been taken in harmony with the request, especially as they suggest nothing to the contrary.

But beyond this difficulty there is another. The covenant must have a natural and reasonable interpretation, and I do not think the phrase "put and keep in repair," necessarily implies that the roof was out of repair to the knowledge of the landlord. The term began May 1, 1879. A new roof had been put on the premises the year before. There is no proof that it had leaked or manifested defects up to the date of the tenancy. The first claim of damages in plaintiff's bill of particulars was under date of October, 1879, or about six months after the commencement of the

term. The defects complained of were such as could not easily be discovered and might not be suspected until made manifest by rain or snow. The tenant in possession could thereby discover and locate them while the landlord remains in ignorance. Under such circumstances we do not think the appellant's proposition is sound. Fairness requires that unless the facts disclose a faulty roof known to the landlord, or at least which he ought to have known, that defects occurring should be brought to his notice by the tenant.

We think, therefore, no error was committed, and the judgment should be affirmed, with costs.

All concur.